STATE OF CONNECTICUT *v.* THOMAS W.*
(SC 18496)

Rogers, C. J., and Norcott, Palmer, Zarella, McLachlan, Eveleigh and Harper, Js.

---

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued May 17—officially released August 2, 2011

*William B. Westcott,* for the appellant (defendant).

*Nancy L. Chupak,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Marc G. Ramia,* assistant state's attorney, for the appellee (state).

*Opinion*

HARPER, J. The defendant, Thomas W., appeals, upon our grant of certification, from the judgment of the Appellate Court affirming the trial court's judgment of conviction of two counts of risk of injury to a child in violation of General Statutes (Rev. to 2003) § 53-21 (a) (1), one count of risk of injury to a child in violation of § 53-21 (a) (2), and one count of sexual assault in the fourth degree in violation of General Statutes (Rev. to 2003) § 53a-73a (a) (1) (A). *State* v. *Thomas W.,* 115 Conn. App. 467, 974 A.2d 19 (2009). We granted the defendant's petition for certification to appeal, limited to the issue of whether the Appellate Court properly determined that the defendant had waived his claim that the trial court's instruction on reasonable doubt unfairly diluted the state's burden of proof. *State* v. *Thomas W.,* 294 Conn. 911, 983 A.2d 276 (2009). Following our grant of certification, this court issued its decision in *State* v. *Kitchens,* 299 Conn. 447, 10 A.3d 942 (2011), wherein we held that, "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct

appeal." Id., 482–83. In light of that decision, the specific issue before us in the present case is whether the defendant can be deemed to have waived his objection to certain language in the final instructions to the jury when, after a charging conference and other procedures consistent with the *Kitchens* standard, he did not object to that language, but previously had objected to essentially the same language in the trial court's preliminary instructions to the jury. We conclude that, under the facts of this case, the defendant waived his claim under the general rule enunciated in *Kitchens*. Accordingly, we affirm the Appellate Court's judgment.

The Appellate Court's opinion sets forth the facts that the jury reasonably could have found in support of the defendant's conviction. See *State* v. *Thomas W.*, supra, 115 Conn. App. 470–71. Those facts establish three incidents underlying the convictions, which occurred over a single day in late 2003, between the defendant and his then six year old niece. The record reveals the following additional undisputed facts and procedural history. The defendant was charged with three counts of risk of injury to a child and one count of sexual assault in the fourth degree. At trial, prior to the presentation of evidence, the trial court gave preliminary instructions to the jury. The trial court instructed the jury that it was the state's burden to prove the defendant guilty beyond a reasonable doubt, that the defendant was cloaked with a presumption of innocence and that he did not have to prove his innocence. Although the court instructed the jury that it would return a verdict of guilty or not guilty on each count, the court also twice referred to the issue of the defendant's guilt or *innocence*. Specifically, the court used the elements of a motor vehicle offense as an example to explain the state's burden to prove each element of an offense and then stated: "So, until you have heard the judge's final instructions in this case,

you can't make a decision about whether the defendant is innocent or guilty of a particular charge, and . . . the reason you can't [is] because within those elements, there's definitions of words that have a particular meaning that I'm going to explain to you." Later, the court stated: "You only decide innocence or guilt on what you hear in the courtroom on the evidence or the lack of evidence."

After the trial court completed its preliminary instruction and excused the jury, the following exchange occurred between the court and defense counsel:

"[Defense Counsel]: Your Honor, this actually has to do with Your Honor's instructions. I wanted to . . . just for the record, make an objection . . . to a part of the instruction.

"The Court: Which was?

"[Defense Counsel]: . . . [R]egarding the example Your Honor had given about the motor vehicle [offense] and the elements, you had stated that the jury can't make a decision of whether the defendant is innocent or guilty. As Your Honor is aware, the defendant is cloaked with the presumption of innocence.

"So, actually, I believe the jury could make a decision, and the decision would be innocent. And also, if Your Honor can instruct the jury that the . . . decision is not guilty or guilty, not innocent or guilty.

"The Court: Okay. So what I'll do is tomorrow morning, I'll read over the burden of proof, presumption of innocence . . . .

"[Defense Counsel]: Yes, Your Honor. Thank you."

The next day, prior to the opening arguments by both counsel, the trial court noted to the jury "the off chance that [it had] said something that wasn't exactly correct . . . ." The court then repeated the portion of its

instruction from the prior day insofar as it had set forth the state's burden to prove the defendant's guilt beyond a reasonable doubt, the presumption of the defendant's innocence and the fact that the defendant did not have to prove his innocence. The trial court did not mention the jury's decision as being a choice between guilty and not guilty, nor did it disavow its earlier statement framing the choice as one of guilt or innocence. Defense counsel took no exceptions.

Three days later, the trial concluded. Counsel gave closing arguments, and the court excused the jury for lunch. Following a recess, the court stated on the record that it had held a charging conference in chambers prior to closing arguments and that it had provided counsel with copies of its proposed instructions. The court noted that defense counsel had asked for an "identification instruction," and that the court had amended the charge to include such an instruction. The court also noted that defense counsel initially had asked for "a delay in reporting advisement," but that no change had been made because, as defense counsel later reminded the court, the constancy of accusation instruction already included that advisement. The court then asked both parties whether they had any objections to the final charge or wanted to add anything to it. Both counsel replied in the negative.

The jury returned to the courtroom, and the trial court then gave its instruction. In that instruction, the court reiterated the presumption of the defendant's innocence and the state's burden to prove the defendant's guilt beyond a reasonable doubt. The court also instructed the jury to return a verdict of guilty or not guilty on each count. That charge also included the following statements that the defendant has highlighted on appeal:

"It is your job alone to decide what the facts are and whether the defendant is innocent or guilty of the crimes with which he has been charged."

"It is your exclusive province to deal with the evidence and determine what the real facts were and to reach the final conclusion as to the guilt or innocence of the accused."

"You are to find the fact of guilt or innocence of the accused uninfluenced by the probable punishment or consequences which will follow conviction . . . ."

"If you can reconcile all the facts proved with any reasonable theory consistent with the innocence of the accused, then you must find the defendant to be not guilty."

"The [s]tate . . . does not want the conviction of an innocent person. The [s]tate is as much concerned in having an innocent person acquitted as in having a guilty person convicted."

After completing the charge and excusing the jury, the trial court realized that it had not read one portion of the charge, a written copy of which was to be provided to the jury for its use during deliberations. Both counsel agreed with the trial court's suggestion to redact that omitted part of the charge. The trial court then inquired whether either party had any objections to the charge. Both parties responded in the negative.

The jury returned a verdict of guilty on all four counts, and the trial court rendered judgment in accordance with the verdict. The defendant then appealed from the judgment to the Appellate Court, claiming, inter alia, that the trial court improperly had diluted the state's burden of proof and placed the burden of proof on the defendant by telling the jurors that they must decide whether the defendant was "innocent or guilty" of the

crimes for which he was charged.[1] *State* v. *Thomas W.*, supra, 115 Conn. App. 485. The defendant acknowledged that he had not objected to the final charge and, therefore, he sought review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[2]

The Appellate Court declined to review the defendant's claim on the ground of waiver. *State* v. *Thomas W.*, supra, 115 Conn. App. 485. With respect to the preliminary instructions, the Appellate Court determined that, although the defendant had raised an objection, his failure to object to the trial court's intended curative instruction resulted in a waiver of any claimed defect. Id., 487, citing *State* v. *Duncan*, 96 Conn. App. 533, 558, 560, 901 A.2d 687 (holding that defendant waived claim when defense counsel reviewed corrected charge, failed to object and voiced satisfaction with it), cert. denied, 280 Conn. 912, 908 A.2d 540 (2006). With respect to the final instructions, the Appellate Court reasoned that the defendant had expressed satisfaction with the charge as amended at the charging conference and had failed thereafter to raise any objection to it. *State* v. *Thomas W.*, supra, 487–88. In light of its conclusion that the defendant had waived his claim of instructional error, the Appellate Court determined that no constitu-

---

[1] The defendant also claimed that § 53-21 (a) (1) is void for vagueness, and that there was insufficient evidence to convict him. *State* v. *Thomas W.*, supra, 115 Conn. App. 470. The Appellate Court rejected those claims; id.; and those determinations are not at issue in this certified appeal.

[2] Under *Golding*, a defendant may "prevail on [an unpreserved] claim of constitutional error . . . only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40. The first two factors determine whether the claim may be reviewed, and the second two factors determine whether the defendant is entitled to a new trial. *State* v. *Kitchens*, supra, 299 Conn. 466–67.

tional violation clearly existed, and thus, the defendant's claim failed under the third prong of *Golding*. Id., 488. This certified appeal followed.

In his brief to this court, the defendant acknowledges the well established line of cases standing for the proposition that an implied waiver of a claim can arise from acts or omissions. He concedes that he waived a challenge to the preliminary instruction by expressing satisfaction with the trial court's suggested response to his objection and by thereafter failing to object to the sufficiency of the curative instruction. The defendant claims, however, that, with respect to the final instruction, the Appellate Court's implied waiver analysis is incompatible with *State* v. *Ebron*, 292 Conn. 656, 681–82, 975 A.2d 17 (2009), in which this court had stated that waiver requires a party's *active* inducement to give the specific charge challenged on appeal, not mere acquiescence to the charge. The defendant further claims that the preliminary instructions should be considered in determining the harmfulness of the defective final charge. With respect to that harm, the defendant contends that, at worst, the instructions assigned the burden to him to prove his innocence, and, at best, diminished the state's burden by failing to direct the jury to return a verdict of not guilty if the inference of guilt is stronger than the inference of innocence, but not sufficiently strong to prove guilt beyond a reasonable doubt.

Subsequent to the defendant's submission of his appellate brief, we rendered our decision in *Kitchens*. In that decision, we overruled *Ebron* insofar as that case had distinguished between active inducement and acquiescence and made clear that certain conduct short of active inducement may be deemed an implicit waiver of an instructional error. *State* v. *Kitchens*, supra, 299 Conn. 472–73. Ultimately, this court held that, "when the trial court provides counsel with a copy of the

proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal." Id., 482–83; see also *State* v. *Akande*, 299 Conn. 551, 560–61, 11 A.3d 140 (2011) (applying this principle to supplemental instruction).

At oral argument before this court, the defendant contended that the present case is distinguishable from *Kitchens* in a significant respect. Specifically, he contended that his objection to the preliminary instructions had put the trial court on notice of the improper language. Such notice, according to the defendant, gave rise to a duty on the part of the trial court to ensure that its later instructions did not repeat the improper language.[3] The defendant further contended that such notice addresses any concerns that this court has expressed about ambushing the trial court on appeal by affording appellate review of unpreserved claims. See, e.g., *State* v. *Hampton*, 293 Conn. 435, 448–49, 978 A.2d 1089 (2009) ("[A] constitutional claim that has been waived does not satisfy the third prong of the *Golding* test because, in such circumstances, we simply cannot conclude that injustice [has been] done to either party . . . or that the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial . . . . To reach a contrary conclusion would result in an ambush of the trial court by permitting the defendant to raise a claim on appeal that his or her counsel expressly had abandoned in the trial court." [Citations omitted; internal quotation marks omitted.]).

---

[3] The defendant has not contended, however, that the claimed impropriety constituted plain error. See Practice Book § 60-5.

To resolve the waiver issue in the present case, we first consider whether the defendant waived his claim under the general standard set forth in *Kitchens*. As we noted in that case, "[s]uch a determination by the reviewing court must be based on a close examination of the record and the particular facts and circumstances of each case." *State* v. *Kitchens*, supra, 299 Conn. 483. If this standard has been met, we then must consider whether the circumstances relating to the preliminary charge satisfied, or otherwise negated, the defendant's obligation to object to the final charge. In making these determinations, this court applies plenary review. See *State* v. *Mungroo*, 299 Conn. 667, 672–73, 11 A.3d 132 (2011); see also *State* v. *Kitchens*, supra, 498–99.

The record in the present case reflects the following undisputed facts that establish an implied waiver under the *Kitchens* standard. The trial court conducted a charging conference, provided copies of the proposed charge to the defendant and elicited input from him. The defendant asked for an addition to the charge, and the court complied with that request. See *State* v. *Mungroo*, supra, 299 Conn. 676 (immaterial to question of waiver whether specific aspect of charge challenged on appeal was discussed at charging conference). Although the record is not clear as to how far in advance the defendant was given his copy of the proposed charge, he conceded at oral argument before this court that he had been given sufficient time to review it. Cf. *State* v. *Collins*, 299 Conn. 567, 597–98, 10 A.3d 1005 (2011) (record did not establish meaningful opportunity for review when it reflected that trial court conducted charging conference during which counsel had opportunity to participate in formulation of jury instructions, but lacked any indication that court had provided defendant with advance copy of proposed charge). The defendant twice expressed satisfaction with the charge when

asked by the court—before and after the charge was given.

In light of such facts, which would demonstrate an implied waiver of any claimed defects in the charge under *Kitchens,* we turn to the question of whether the defendant's objection to the preliminary instructions makes it any less likely that he knowingly waived an objection to the inclusion of that same language in the final instructions. Put differently, we consider whether the defendant's failure to renew his objection evidences an inadvertent oversight rather than a strategic decision not to object. We conclude that these facts do not demonstrate inadvertence that would call into question the application of the general rule set forth in *Kitchens.*

We first note that the final charge was given a mere four days after the defendant had objected to essentially the same language in the preliminary charge. The first mention of the "guilt or innocence" language was not buried in the charge. The fourth sentence of the final charge clearly provided: "It is your job alone to decide what the facts are and whether the defendant is innocent or guilty of the crimes with which he has been charged." The guilt/innocence dichotomy was repeated several other times. Given these facts, we cannot presume inadvertence rather than intentional waiver. Indeed, because we assume under *Kitchens* that a defendant knowingly has waived an objection when he has not stated that objection, it is difficult to rationalize how we could conclude that the defendant was not aware of a claim that he previously expressly acknowledged. See *State* v. *Kitchens,* supra, 299 Conn. 494 ("[C]ompetent counsel, being cognizant of our rules, is aware that there are multiple opportunities to request specific instructions, that exceptions or objections to the instructions proposed or given may be taken or raised at various times, and that a charge conference may be requested to consider the instructions and any

changes or modifications thereto that counsel deems necessary to ensure that they are correct. Accordingly, reviewing courts in Connecticut have good reason to conclude that counsel knowingly and intentionally waived the right to challenge a jury instruction when the trial court has provided the parties with a meaningful opportunity to review and discuss the instructions, to request changes or modifications before and after the instructions are given, and to comment on the instructions while there is still time to correct them.").

It is a closer question whether the defendant's objection to the preliminary instructions provided notice to the trial court of the defendant's claim, such that the trial court had an obligation to correct the same purported defect in the final charge, irrespective of whether the defendant renewed his objection. When adopting the *Kitchens* standard, this court had relied on, among other factors, "basic principles of fundamental fairness that favor placing responsibility with the trial court and the parties' counsel to take all necessary measures at the time of trial to ensure that the instructions are correct . . . ." Id., 488–89. Under the particular facts of the present case, however, we are not persuaded that the trial court was on notice of the purported defect. Therefore, we leave for another day the question of whether notice to the trial court of a claimed defect precludes waiver of a subsequent defect.

The defendant's initial objection was far from a model of clarity, and the trial court's response did not clearly reflect that it understood the objection as making the claim that the defendant now advances. As we previously noted, the defendant made the following statements after the preliminary charge: "I wanted to . . . just for the record, make an objection . . . to a part of the instruction. . . . [R]egarding the example Your Honor had given about the motor vehicle [offense] and the elements, you had stated that the jury can't make

a decision of whether the defendant is innocent or guilty. As Your Honor is aware, the defendant is cloaked with the presumption of innocence.

"So, actually, I believe the jury could make a decision, and the decision would be innocent. And also, if Your Honor can instruct the jury that the . . . decision is not guilty or guilty, not innocent or guilty."

The defendant claimed that he had "an" objection—meaning a singular objection. He then argued that the example given by the trial court was improper because the jury could find the defendant *innocent*, in light of the presumption of innocence. The defendant then made a statement that appeared to conflict with the preceding objection, by asking the court *not* to instruct the jury that it could find the defendant *innocent* or guilty. The trial court's response did not reflect that it understood the objection as encompassing the defendant's present claim. Rather, the trial court's response was simply to suggest restating the instruction on the presumption of innocence, a suggestion with which the defendant concurred. Cf. *Rowe* v. *Superior Court*, 289 Conn. 649, 661 n.6, 960 A.2d 256 (2008) (concluding that claim was preserved for review even though statements by plaintiff's counsel were ambiguous and internally inconsistent, when trial court's response indicated that it understood "the essence of the plaintiff's claim"). The trial court never instructed the jury that its earlier reference to the choice between guilt and innocence was incorrect, and the court repeated that phrase throughout the final charge that it provided days later. In light of these facts, we cannot say that the defendant made clear to the trial court that he viewed an instruction directing the jury to make a choice between his guilt or innocence to be legally improper. Therefore, we do not presume that the trial court was on notice of the defendant's claim raised on appeal. Accordingly, the

Appellate Court properly determined that the defendant waived his claim of instructional error.

The judgment of the Appellate Court is affirmed.

In this opinion ROGERS, C. J., and NORCOTT, ZARELLA, McLACHLAN and EVELEIGH, Js., concurred.

PALMER, J., dissenting. In *State* v. *Kitchens*, 299 Conn. 447, 10 A.3d 942 (2011), this court held that a defendant will be deemed to have impliedly waived any and all claims challenging the constitutionality of the trial court's jury instructions if, after being provided with an advance written copy of the instructions and an adequate time to review them, defense counsel does not object to the instructions. See id., 482–83. For the reasons set forth in my concurring opinion in *Kitchens*, I do not believe that waiver may be implied in such circumstances, primarily because, in my view, those facts are insufficient to support the conclusion that defense counsel intentionally relinquished a known right, the strict standard that this court demands for purposes of establishing the waiver of a constitutional right. See id., 536–42 (*Palmer, J.*, concurring). In the present case, the majority applies this court's holding in *Kitchens* to a scenario in which defense counsel expressly objected to a particular jury instruction on one occasion but failed to do so on subsequent occasions. Although I am obligated to abide by this court's holding in *Kitchens*, I am not bound to agree to extend that holding to the facts of the present case, and I decline to do so. The present facts are insolubly ambiguous as to whether defense counsel's silence on the latter occasions represented a tactical decision to reverse course and to waive the claim that he previously had raised, or whether his failure to object merely was an oversight. Because of this factual ambiguity, *Kitchens* does not mandate a finding that defense counsel, with

knowledge that the court's jury instructions were improper, intentionally waived the right of the defendant, Thomas W., to challenge the instructions.[1] I therefore would conclude that *Kitchens* does not bar the constitutional claim that the defendant has raised on appeal. Accordingly, I respectfully dissent.

---

[1] I note that, in its effort to apply *Kitchens*, the majority deems it appropriate, for purposes of resolving the state's claim of waiver, to draw inferences with respect to the state of mind of the trial judge and of defense counsel. I do not believe that it is appropriate for this court to engage in such fact finding. See, e.g., *Kerrigan* v. *Commissioner of Public Health*, 289 Conn. 135, 222–23 n.58, 957 A.2d 407 (2008) (appellate courts lack authority to find facts, which is exclusive province of trial courts). Although this problem stems from our decision in *Kitchens*, it is highlighted by the majority's handling of the present case.