STATE OF CONNECTICUT *v.* OLES J. BAPTISTE
(SC 18497)

Rogers, C. J., and Norcott, Palmer, Zarella, Eveleigh and Harper, Js.

Argued May 17—officially released August 16, 2011

*Annacarina Jacob*, senior assistant public defender, with whom, on the brief, was *James B. Streeto*, assistant public defender, for the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Michael L. Regan*, state's attorney, and *Stephen M. Carney*, senior assistant state's attorney, for the appellee (state).

*Opinion*

EVELEIGH, J. In this certified appeal, the defendant, Oles J. Baptiste, appeals from the judgment of the Appellate Court, which affirmed the judgment of conviction, rendered after a jury trial, on charges of one count of assault of a peace officer in violation of General

Statutes § 53a-167c (a), and two counts of interfering with an officer in violation of General Statutes § 53a-167a (a). We granted the defendant's petition for certification limited to the following question: "Did the Appellate Court properly conclude that the defendant waived any constitutional or plain error claim that the trial court's jury instructions on the charge of assault of a police officer in violation of . . . § 53a-167c (a) deprived him of his right to a fair trial and his right to present a defense?" *State* v. *Baptiste*, 294 Conn. 910, 983 A.2d 274 (2009). After this court granted the defendant's petition for certification, the defendant filed a motion seeking reconsideration of the certified issue or to amend the issue. In his motion, the defendant requested that the certified question be amended to include the following: "Did the Appellate Court properly conclude that the defendant waived any constitutional or plain error claim that the trial court's [jury] instructions on the charge of interfering with an officer in violation of . . . § 53a-167a (a) deprived him of his right to a fair trial and his right to present a defense?" This court granted the defendant's motion and amended the certified issue to include the trial court's jury instructions on the charge of interfering with an officer.

Following our grant of certification, this court issued its decision in *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011), wherein we held that, "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal."[1] In light of that decision, the specific issue

[1] Prior to oral argument in this court, we directed the parties by letter that "counsel be prepared to address at oral argument questions regarding

before us in the present case is whether the defendant can be deemed to have waived his objection to certain language in the final instructions to the jury when the trial court engaged in a brief charging conference and did not provide him with a copy of the proposed instructions. We conclude that, under the facts of this case, the defendant did not waive his claim under the general rule set forth in *Kitchens'* because he did not have a meaningful opportunity to review the proposed instructions. Accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court's opinion sets forth the facts that the jury reasonably could have found in support of the defendant's convictions; *State* v. *Baptiste*, 114 Conn. App. 750, 752–54, 970 A.2d 816 (2009); which establish an incident underlying the conviction that occurred over a single day in 2005, in which the defendant was involved in a physical altercation with three members of the Norwich police department. The Appellate Court's opinion also sets forth the following additional facts, which are relevant to the defendant's claim on appeal. "The defendant submitted a request to charge[2] on the issue of self-defense. The request included instructions that: (1) the evidence raised the issue of self-defense, (2) the state must disprove self-defense beyond a reasonable doubt, (3) reasonable physical force used when a person reasonably believes that such force is necessary is a legal defense to the

the effect that the decision in *State* v. *Kitchens*, [299 Conn. 447, 10 A.3d 942 (2011)] has on [the present case]."

[2] "The defendant's request to charge was noted on the record but was not made a part of the court file. The defendant supplied [the Appellate Court and this court] with a copy of his request to charge, and the state has not challenged the authenticity of the document. Additionally, the request to charge is in line with the defendant's oral request to charge and his exception to the court's instructions. Accordingly, [the Appellate Court and this court considered] the substance of the request to charge in [analyzing] the defendant's claim." *State* v. *Baptiste*, supra, 114 Conn. App. 757 n.12.

use of force that would otherwise be criminal, and (4) set forth selected provisions of General Statutes § 53a-19.[3] Before the [trial] court, the defendant stated that he had submitted one request to charge on self-defense under § 53a-19 and asked for that to be included in the charge. The state objected on the ground that such a charge was not appropriate on the basis of the evidence and the law. The [trial] court stated that it had reviewed the statute and would not be giving a self-defense charge because on the 'charge [of] interfering and assault on a police officer, if the jury finds—and in the charge it does tell them this—if they find that the police were not acting in the performance of their duties, then they must find the defendant not guilty . . . . [I]f they were acting in the performance of their duties, then he would not have a self-defense argument based on the statute. Also, we had a discussion—and what might be considered a compromise with counsel knowing I wasn't doing the self-defense charge—to add a passage to the jury to give them an option on the state of mind of the defendant at the time, which I think assist[s] you in the defense [but] at the same time it does not go for a full self-defense charge, which I don't think is appropriate.' The defendant took an exception to the court's ruling.

"The court continued: 'So, with that, I think every other part of the jury charge is agreed upon. Is that true?' . . . Defense counsel replied: 'Yes, Your Honor.'

"The court instructed the jury in relevant part: 'The name of the statute [the defendant is] charged with is

---

[3] General Statutes § 53a-19 (a) provides: "Except as provided in subsections (b) and (c) of this section, a person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose; except that deadly physical force may not be used unless the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm."

assault on public safety personnel in violation of [§ 53a-167c], which provides as follows: A person is guilty of assault on public safety personnel when, with intent to prevent a reasonably identifiable peace officer from performing his duties, and while such peace officer is acting in the performance of his duties, the defendant caused physical injury to such peace officer.

" 'For you to find the defendant [guilty] of this charge, the state must have proven the following elements: one, the victim of the assault was a reasonable identifiable peace officer or known to the defendant as a peace officer; two, the conduct of the defendant occurred while that peace officer was acting in the performance of his duties; three, that the defendant had the specific intent to prevent the peace officer from performing his lawful duties; and four, that the defendant caused physical injury to the peace officer.

" 'A peace officer is defined as a member of an organized police department, to wit, in this case, the Norwich police department. Physical injury means impairment of physical condition or pain. The law does not require the injury to be serious; it may be minor. If the officer is acting under a good faith belief that he is carrying out his duty and if his actions are reasonable to that end, he's acting in the performance of his duties.

" 'The phrase "in the performance of his duties" means that the police officer is simply acting within the scope of what he's employed to do. The test is whether the police officer was acting in his capacity as an officer or engaging in some frolic of his own. You will make this determination based on the circumstances of this case.

" 'Also, it's necessary that the person being arrested either knew or should have known that the other person was a peace officer, and the standard you would apply as jurors is whether a reasonable person under the

same circumstances should have identified that other person as a peace officer.

" 'The defendant is also charged with two counts of interfering with a peace officer. The defendant is charged with that charge . . . under [§ 53a-167a], which provides as follows: A person is guilty of interfering with an officer when such person obstructs, resists, hinders or endangers a peace officer in the performance of such peace officer's duties. For you to find the defendant guilty of this charge, the state must have proven the following elements beyond a reasonable doubt; one, that the defendant obstructed, resisted or endangered a peace officer; two, that the conduct of the defendant occurred while the police officer was in the performance of his duties; and three, that the defendant intended to obstruct, resist, hinder or endanger the peace officer while that peace officer was in the performance of his duties. A peace officer, once again, is a member of an organized police department.

" 'If you find that the officer was not a peace officer, then you would find the defendant not guilty. If you find that he was a peace officer, you would go on to the other elements of this crime and, with the first element, there [are] four words describing the way interference may be committed. Obstructs means to interpose obstacles or impediments to impede or in any manner to intrude or prevent. These words do not imply the use of direct force or the exercise of direct means. Resist means oppose by direct, active or forcible or quasi-forcible means. Hinders means to make slow or difficult the progress to hold back or delay or impede or prevent action by the police.

" 'If the officer is acting under a good faith belief that he is carrying out his duty and if his actions are reasonably designed to that end, he's acting in the performance of his duties. The phrase, again, "in the perfor-

mance of his duties," means a police officer simply acting within the scope of his employment. The test is whether the police officer was acting in his capacity as a police officer or—as I said earlier—engaging in a frolic of his own. You will make that determination based on the circumstances of the case.

" 'So, if you find the state has proven beyond a reasonable doubt the elements I have described to you of two counts of interfering with an officer and one count of assault on a peace officer, then you would find the defendant guilty. On the other hand, if you find that the state has not proven the charges beyond a reasonable doubt, you would find the defendant not guilty.'

"The defendant took no further exception to the court's instructions." Id., 757–61.

The jury returned a verdict of guilty on all counts, and the trial court rendered judgment in accordance with the verdict. The defendant then appealed from the judgment of the trial court to the Appellate Court, claiming, inter alia, that the trial court's jury instructions on the charge of assault of a police officer in violation of § 53a-167c (a) and interfering with an officer in violation of § 53a-167a (a) deprived him of his right to a fair trial and to present a defense.[4] Id., 754–55. The defendant acknowledged that he had not objected to the court's jury instructions on the charges of assault of a police officer and interfering with an officer and, therefore, sought review under *State* v. *Golding*, 213

---

[4] The defendant also claimed that the trial court improperly: (1) refused to instruct the jury on self-defense as set forth in § 53a-19; and (2) permitted the state to cross-examine the defendant about his fourteen prior arrests for interfering with a police officer and his conviction of engaging police officers in pursuit. *State* v. *Baptiste*, supra, 114 Conn. App. 765. The Appellate Court rejected those claims; id., 765–66, 772; and those determinations are not at issue in this certified appeal.

Conn. 233, 239–40, 567 A.2d 823 (1989).[5] *State* v. *Baptiste*, supra, 114 Conn. App. 761.

The Appellate Court declined to review the claim on the ground that the defendant had waived that claim. Id., 764–65. That court reasoned that the defendant had submitted a request to charge only as to self-defense under § 53a-19, and after the trial court denied the defendant's request as to § 53a-19, the defendant expressed satisfaction with the charge and had failed thereafter to raise any objection to it. Id. In light of its conclusion that the defendant had waived his claim of instructional error, the Appellate Court determined that no constitutional violation clearly existed, and thus, the defendant's claim failed under the third prong of *Golding*. Id., 764. This certified appeal followed. Additional facts will be set forth as necessary.

On appeal to this court, the defendant claims that the Appellate Court's conclusion that the the defendant had waived his claim of instructional error is inconsistent with this court's recent decision in *State* v. *Kitchens*, supra, 299 Conn. 447. Specifically, the defendant asserts that he did not have a "meaningful opportunity" for review of the jury instructions because the trial court held only a brief charging conference and the defendant did not receive a written copy of the instructions. See id., 482–83.

---

[5] Under *State* v. *Golding*, supra, 213 Conn. 239–40, a defendant may "prevail on [an unpreserved] claim of constitutional error . . . only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." The first two factors determine whether the claim may be reviewed, and the second two factors determine whether, as a result of constitutional error, the defendant is entitled to a new trial. *State* v. *Kitchens*, supra, 299 Conn. 466–67.

In *State* v. *Kitchens*, supra, 299 Conn. 482–83, we concluded that, "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal." Noting that this waiver analysis is not a bright line rule, we emphasized that "a defendant will not be deemed to have waived [an instructional] claim unless the court has provided counsel with a copy of the proposed instructions and a *meaningful opportunity* for review and comment, which can be determined in any given case only by a close examination of the record. The significance of a meaningful opportunity for review and comment cannot be underestimated." (Emphasis in original.) Id., 495 n.28; see also id. ("[h]olding an on-the-record charge conference, and even providing counsel with an advance copy of the instructions, will not necessarily be sufficient in all cases to constitute waiver of *Golding* review if defense counsel has not been afforded adequate time, under the circumstances, to examine the instructions and to identify potential flaws"). "In making these determinations, this court applies plenary review." *State* v. *Thomas W.*, 301 Conn. 724, 734, 22 A.3d 1242 (2011).

In the present case, the trial court conducted a charging conference off the record. That court indicated on the record that the parties had discussed the fact that the trial court would not be giving a self-defense charge and "had a discussion—and what might be considered a compromise with counsel knowing [that the trial court was not] doing the self-defense charge—to add a passage to the jury to give them an option on the state of

mind of the defendant at the time, which [the trial court thought assists the defendant] [but] at the same time it does not go for a full self-defense charge which [the trial court did not] think was appropriate." *State* v. *Baptiste*, supra, 114 Conn. App. 758. The record does not, however, indicate what, if any, other issues were discussed at the charging conference. Furthermore, the record indicates that the charging conference lasted only approximately eight minutes. There is also no indication on the record that the trial court provided the defendant with an advance copy of the charge. In sum, there is simply no record that the defendant was afforded a meaningful opportunity to review the proposed charge.

In a case similar to the present case, we declined to find that a defendant implicitly had waived his claim of instructional error when, "although the trial court conducted a charge conference during which counsel had an opportunity to participate in the formulation of the jury instructions, there is no indication on the record that the trial court provided the defendant with an advance copy of the proposed jury charge." *State* v. *Collins*, 299 Conn. 567, 597, 10 A.3d 1005 (2011). In rejecting the waiver argument, we concluded that, "although the trial court's summary of the conference indicates that one of the topics discussed—namely, closing arguments about the quality of the police investigation—related to the topic of the instructions now challenged on appeal, we cannot say with certainty whether the defendant had a meaningful opportunity to review the written instruction itself and to challenge any objectionable language therein." Id., 597–98; see also *State* v. *Brown*, 299 Conn. 640, 659, 11 A.3d 663 (2011) ("Because we have no record of the charging conference or copy of the court's intended charge, we do not know if the trial court expressly rejected the state's proper request to charge, or included the proper

instruction in the copy of the charge that it provided to counsel, but inadvertently omitted it from the actual charge to the jury. . . . Under these circumstances, we cannot determine from the record whether the copy of the final instructions given to defense counsel included the correct charge or the charge as actually given. Thus, unlike in *Kitchens*, we cannot infer that defense counsel had knowledge of any potential flaws in the court's [jury] instruction. . . . Because we cannot reasonably conclude that counsel was aware in advance of the instructional deficiency, we will not conclude that the defendant has waived his right to challenge the charge on direct appeal." [Citations omitted.]).

Similar to our conclusion in *State* v. *Collins*, supra, 299 Conn. 597–98, in the present case, there is no indication that the defendant had a meaningful opportunity to review the charges where the trial court conducted a brief charging conference off the record and failed to provide the defendant with an advance copy of the charges. Accordingly, we decline to find this claim implicitly waived under *Kitchens* and conclude that the merits of the claim must be reviewed pursuant to *Golding*.[6]

Although our conclusion in the present case does not require that a trial court must always provide the parties with an advance written copy of the charges, we do suggest that advance written copies of charges should be provided to counsel in all trials, except for possibly in the shortest of trials where it is not feasible. Moreover, we also take this opportunity to remind trial courts that, although off-the-record charging conferences are acceptable, if the trial court chooses to conduct the charging conference off the record, it should take care

---

[6] In their briefs to this court, the parties did not address the merits of the defendant's claim because it was beyond the scope of the certified question in this appeal. Accordingly, we remand the case to the Appellate Court for consideration of the merits of the defendant's claim.

to accurately note the matters discussed in the conference once the parties are back on the record, and the court should invite counsel's acquiescence with regard to those comments. None of the preceding statements should be interpreted, however, to supersede the rule established in *State* v. *Kitchens*, supra, 299 Conn. 482–83, that a defendant cannot be deemed to have waived an instructional claim unless counsel has had a meaningful opportunity for review of the proposed instructions and to comment thereon.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

In this opinion ROGERS, C. J., and NORCOTT, ZARELLA and HARPER, Js., concurred.

PALMER, J., concurring. I agree with the majority's conclusion that the Appellate Court improperly determined that the defendant, Oles J. Baptiste, waived his claim that the trial court's jury instructions were constitutionally inadequate. Specifically, I agree that the defendant's claim is not foreclosed under the waiver principles that this court recently adopted in *State* v. *Kitchens*, 299 Conn. 447, 10 A.2d 942 (2011).

In addition to resolving this issue—the sole issue presented by the defendant's certified appeal—the majority also states that "advance written copies of [the court's jury instructions] should be provided to counsel in all trials, except for possibly the shortest of trials where it is not feasible." The majority further explains that, "if the [trial] court chooses to conduct the charging conference off the record, it should take care to accurately note the matters discussed in the conference once the parties are back on the record, and the court should invite counsel's acquiescence with regard to those comments." Although I agree that, whenever fea-

sible, the trial court should provide the parties with advance written copies of the jury charge, and that it also makes sense for the court to summarize accurately the matters discussed at any off-the-record charging conference, in my view, these practices are to be encouraged because they are important components of a process designed to ensure that the court's jury instructions are fair, thorough and balanced. See, e.g., Practice Book §§ 42-16 through 42-19. To the extent that the majority encourages these practices in the interest of creating a record in the trial court that increases the likelihood that a claim of instructional error will be deemed to have been waived under *Kitchens*, however, I do not share that perspective. As I explained in my concurring opinion in *Kitchens*, I do not believe that defense counsel's failure to object to the trial court's jury instructions on constitutional grounds after having been afforded a reasonable opportunity to review them provides a sufficient basis for the conclusion that counsel knowingly and intentionally waived any and all such objections on behalf of the defendant. Indeed, it is far more likely that defense counsel simply did not perceive any constitutional infirmity in the instructions. See *State* v. *Kitchens*, supra, 299 Conn. 538–42 (*Palmer, J.*, concurring); see also id., 517–19 (*Katz, J.*, concurring). Because I remain unconvinced by the rationale of *Kitchens*, and, further, because I believe that this court's decision in *Kitchens* unfairly and unreasonably deprives defendants of *Golding* review of unpreserved constitutional challenges to jury instructions, I do not favor adopting measures that are designed to facilitate or promote the implementation of our holding in *Kitchens*. In any event, I agree with the majority's conclusion in the present case that the defendant's constitutional claim is not barred by *Kitchens*. I therefore concur.