# STATE OF CONNECTICUT *v.* TODD R. ROMANKO
## (AC 33357)

Beach, Alvord and Pellegrino, Js.

Argued September 28—officially released December 18, 2012

*Jeanne M. Zulick,* for the appellant (defendant).

*Robert O'Brien,* certified legal intern, with whom were *Harry Weller,* senior assistant state's attorney, and, on the brief, *Gail P. Hardy,* state's attorney, and *Robert Diaz,* assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Todd R. Romanko, appeals from the judgment of conviction, rendered after a jury trial, of operating a motor vehicle while under the influence of intoxicating liquor or drugs or both in violation of General Statutes § 14-227a (a) (1).[1] The defendant claims that (1) the court's jury instructions (a) improperly enlarged the scope of the charge against him and (b) deprived him of his constitutional right to a unanimous verdict, and (2) the court violated his constitutional right to present a defense when it did not allow him to introduce certain demonstrative evidence. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of August 14, 2009, after having consumed alcohol, the defendant wandered onto the back deck of a Burlington property owner's residence.

---

[1] General Statutes § 14-227a (a) (1) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle . . . while under the influence of intoxicating liquor or any drug or both . . . ."

The defendant's eyes were glossed over. When asked by the resident what he was doing on the deck, the defendant stated that he was looking for a person named Gerry and proceeded to enter the house, but left the house after the resident's German Shepherd barked at him. The defendant then drove away in a motor vehicle. The property owner reported the incident to the police and provided a description of the defendant's vehicle.

After receiving a report of the incident from the Burlington police department, Officer Stanley Murak of the Farmington police department stopped the defendant's car after observing the vehicle swerving. Murak noticed that the defendant smelled of alcohol and that his speech was slurred. Murak gave the defendant three field sobriety tests: the horizontal gaze nystagmus test, the walk and turn test and the one leg stand test. Murak arrested the defendant after he failed all three tests. When asked, the defendant told the officer that he had consumed one twelve ounce beer and that he took prescription anti-anxiety medication. Following a jury trial, the defendant was convicted of operating a motor vehicle while under the influence and sentenced to three years incarceration, execution suspended after one year, and three years probation.[2] This appeal followed.

I

The defendant first claims that the court's instructions that the jury could find him guilty under § 14-227a (a) (1) if it was found that he was under the influence of "alcohol *or* drugs *or* both" (a) improperly enlarged the scope of the charge against him when the state's long form information had charged him with driving

---

[2] The defendant was also charged in the second part of the information with having two prior convictions for driving under the influence; the defendant pleaded guilty to this charge.

under the influence of "alcohol *and* drugs" and (b) deprived him of his constitutional right to a unanimous verdict. We agree with the state's argument that the defendant waived these claims.

Our Supreme Court has held that "when the trial court provides counsel with a copy of the proposed jury instructions, allows a meaningful opportunity for their review, solicits comments from counsel regarding changes or modifications and counsel affirmatively accepts the instructions proposed or given, the defendant may be deemed to have knowledge of any potential flaws therein and to have waived implicitly the constitutional right to challenge the instructions on direct appeal. Such a determination by the reviewing court must be based on a close examination of the record and the particular facts and circumstances of each case." *State* v. *Kitchens*, 299 Conn. 447, 482–83, 10 A.3d 942 (2011). "In making these determinations, this court applies plenary review." *State* v. *Thomas W.*, 301 Conn. 724, 734, 22 A.3d 1242 (2011).

Defense counsel was given a written copy of the proposed jury instructions the night before the instructions were given,[3] and the following morning the court reviewed the instructions with the prosecutor and defense counsel. The court asked if defense counsel had had a sufficient opportunity to review the instructions and if he had any suggestions or changes to the proposed jury instructions. Defense counsel twice responded that he did not have any changes or suggestions. We conclude that the defendant waived these claims and we decline to review them.

---

[3] On the day before the charge, the court stated to both counsel: "I have for you—I thought I had copies of my proposed charge. I may have left that in chambers, but I will deliver that to you before the end of the evening so that you may look it over tonight." The state represented in its brief that both counsel had an opportunity to review the final charge overnight and the defendant does not dispute that representation.

## II

The defendant next claims that the court violated his constitutional right to present a defense when it did not allow him to introduce certain demonstrative evidence. We disagree.

The defendant testified that five years prior to his arrest, his knee was badly injured in a dirt bike accident and thus he was not able to perform properly some of the field sobriety tests. At this point, defense counsel requested that demonstrative evidence be presented. Outside the presence of the jury, defense counsel stated that he sought to have the defendant perform the "heel to toe" and "one leg stand" tests in front of the jury. The court denied the request to admit such evidence, reasoning that it would be inappropriate for the defendant to demonstrate what he thought occurred on the night in question. The court stated that it would give the defendant "every leeway" to describe the events through his testimony.

"The constitutional right to present a defense does not include the right to introduce any and all evidence claimed to support it. . . . When defense evidence is excluded, such exclusion may give rise to a claim of denial of the right to present a defense. . . . Although exclusionary rules of evidence should not be applied mechanistically to deprive a defendant of his rights, the constitution does not require that a defendant be permitted to present every piece of evidence he wishes. . . . The trial court retains the power to rule on the admissibility of evidence pursuant to traditional evidentiary standards." (Citation omitted; internal quotation marks omitted.) *State* v. *Shabazz*, 246 Conn. 746, 752 n.4, 719 A.2d 440 (1998), cert. denied, 525 U.S. 1179, 119 S. Ct. 1116, 143 L. Ed. 2d 111 (1999). "[T]he question of the admissibility of the proffered evidence is one of evidentiary, but not constitutional, dimension." Id., 753

n.4. "[T]he trial court has broad discretion in determining whether to admit or exclude demonstrative evidence." *Barry* v. *Quality Steel Products, Inc.*, 280 Conn. 1, 20, 905 A.2d 55 (2006).

The court did not abuse its discretion in ruling that such demonstrative evidence was unreliable. An in-court demonstration would not have reliably re-created how the defendant performed the tests on the night in question. See *State* v. *Watson*, 47 Conn. App. 794, 809–10, 707 A.2d 1278 (1998) (court did not permit defendant to give exemplar of his voice without testifying, reasoning that identifying attributes of voice can be altered and thus demonstration would have been of no value), aff'd, 251 Conn. 220, 740 A.2d 832 (1999). The court permitted such evidence through the defendant's testimony.[4]

The judgment is affirmed.

---

[4] The court never excluded relevant medical testimony, which apparently was not offered.