J-S08028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ROBERT WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1124 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 22, 2021
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000710-2020

BEFORE: BOWES, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.: **FILED: APRIL 12, 2022**

Appellant Christopher Robert Williams appeals from the judgment of sentence imposed after he pled guilty to multiple counts of dissemination of child pornography and possession of child pornography.[1] Appellant's counsel (Counsel) has filed a petition to withdraw and an **_Anders_/_Santiago_**[2] brief. We grant Counsel's request to withdraw and affirm.

The trial court summarized the procedural history as follows:

> This matter arises from an information filed by the Luzerne County District Attorney against [Appellant] on May 22, 2020. [Appellant] was charged with 350 counts of dissemination of child pornography and 350 counts of child pornography [and ten counts of criminal use of communications facility, 18 Pa.C.S. § 7512(a)].

---

[1] 18 Pa.C.S. §§ 6312(c) and 6312(d), respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967); **_Commonwealth v. Santiago_**, 978 A.2d 349 (Pa. 2009).

On September 8, 2020, [Appellant] entered a guilty plea to the 700 [child pornography] counts contained in the information [and the Commonwealth withdrew the ten counts of criminal use of communication facility]. After an assessment was completed by the Sexual Offender Assessment Board [(SOAB)], sentencing occurred on July 22, 2021. [Appellant] received a sentence of 12 to 24 months on counts one through twelve to be served consecutively. He also received 12 to 24 months on counts thirteen through seven hundred to be served concurrent with count twelve. The total aggregate sentence was 144 to 288 months [with credit for time served].

Trial Ct. Op., 10/13/21, at 1 (formatting altered).

We add that at sentencing, the trial court admitted into evidence the report of SOAB member Paula Brust. N.T. Sentencing Hr'g, 7/22/21, at 3. Appellant and the Commonwealth stipulated that if Brust were to testify, she would testify consistently with her report. *Id.* Based on the information contained in the SOAB report, the trial court determined that Appellant was a sexually violent predator (SVP). *Id.* at 6.

Appellant did not file a post-sentence motion. Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In the *Anders*/*Santiago* brief, Counsel identifies the following issue:

Did the Commonwealth present sufficient evidence to support the designation of the Appellant as a sexually violent predator?

*Anders*/*Santiago* Brief at 2.

"When faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa.

Super. 2008) (citation omitted).  Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention.  ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous."  ***Goodwin***, 928 A.2d at 291 (citation omitted).  This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel."  ***Commonwealth v. Flowers***, 113

A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); ***accord Commonwealth v. Yorgey***, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has complied with the procedural requirements for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the ***Anders***/***Santiago*** brief.[3] ***See Goodwin***, 928 A.2d at 290. Moreover, Counsel's ***Anders***/***Santiago*** brief complies with the requirements of ***Santiago***. Counsel includes a summary of the relevant factual and procedural history, refers to the portions of the record that could arguably support Appellant's claim, and sets forth the conclusion that the appeal is frivolous. ***See Santiago***, 978 A.2d at 361. Accordingly, we conclude that Counsel has met the technical requirements of ***Anders*** and ***Santiago***, and we will proceed to address the issues raised in Counsel's ***Anders***/***Santiago*** brief.

### SVP Determination

In the ***Anders***/***Santiago*** brief, Counsel identifies Appellant's challenge to the sufficiency of the evidence classifying Appellant as SVP.[4] ***Anders***/***Santiago*** Brief at 8-11. Appellant contends that there was insufficient evidence to establish "his likelihood of re-offending and any

---

[3] Appellant did not file a response to Counsel's petition to withdraw.

[4] We note that although Appellant did not file a post-trial motion, that does not result in waiver of his challenge to the sufficiency of the evidence supporting an SVP designation. ***See Commonwealth v. Fuentes***, 991 A.2d 935, 941 n.4 (Pa. Super. 2010) (*en banc*).

- 4 -

predation" and that Brust's report "did not support a finding that Appellant was either engaged in predatory behavior or likely to re-offend and he was amenable to treatment." *Id.* at 8, 11. Appellant contends that the large gap in time between his prior offense and the instant offenses does not demonstrate that he has a "recidivist character." *Id.* at 11.

On this record, SOAB member Brust considered the fourteen factors provided in 42 Pa.C.S. § 9799.24 to support the SOAB report's finding that Appellant was a sexually violent predator. Further, Brust found that Appellant possessed mental abnormalities including pedophilia disorder that presented the risk of him reoffending and predation. The trial court found Brust's SOAB report credible. *See* Trial Ct. Op. at 2-3; *see also* N.T. Sentencing Hr'g at 6. Further, Counsel explains that Appellant's claim is frivolous because there is no requirement that a particular number of the statutory factors must be present for a trial court to find that an individual is a sexually violent predator. *Id.* at 14. Counsel states that after conscientious review of the record, he cannot locate anything demonstrating that the trial court abused its discretion in accepting the SOAB report as credible or that the evidence did not support the trial court's conclusion. *Id.* at 15.

This Court has previously held that:

The determination of a defendant's SVP status may only be made following an assessment by the [SOAB] . . . and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all evidence and [the] reasonable inferences

- 5 -

therefrom in the light most favorable to the Commonwealth. We will reverse the trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

The standard of proof governing the determination of SVP status, *i.e.*, "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.

The clear and convincing standard requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

***Commonwealth v. Morgan***, 16 A.3d 1165, 1168 (Pa. Super. 2011) (citation omitted). In reviewing an SVP determination, this Court may not re-weigh the factors relied on by the fact-finder. ***Id.*** at 1173.

This Court has explained the SVP determination process as follows:

After a person has been convicted of an offense listed in 42 Pa.C.S. § 9799.14, the trial court then orders an assessment to be done by the SOAB to help determine if that person should be classified as an SVP. An SVP is defined as a person who has been convicted of a sexually violent offense . . . and who [has] a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses. In order to show that the offender suffers from a mental abnormality or personality disorder, the evidence must show that the defendant suffers from a congenital or acquired condition that affects the emotional or volitional capacity of the person in a manner that predisposes that person to the commission of criminal sexual acts to a degree that makes the person a menace to the health and safety of other persons. Moreover, there must be a showing that the defendant's conduct was predatory. Furthermore, in reaching a determination, we must examine the driving force behind the commission of these acts, as well as looking at the offender's propensity to reoffend, an opinion about which the Commonwealth's expert is required to opine. However, the risk

of reoffending is but one factor to be considered when making an assessment; it is not an independent element.

When performing an SVP assessment, a mental health professional must consider the following 15 factors: whether the instant offense involved multiple victims; whether the defendant exceeded the means necessary to achieve the offense; the nature of the sexual contact with the victim(s); the defendant's relationship with the victim(s); the victim(s)' age(s); whether the instant offense included a display of unusual cruelty by the defendant during the commission of the offense; the victim(s)' mental capacity(ies); the defendant's prior criminal record; whether the defendant completed any prior sentence(s); whether the defendant participated in available programs for sexual offenders; the defendant's age; the defendant's use of illegal drugs; whether the defendant suffers from a mental illness, mental disability, or mental abnormality; behavioral characteristics that contribute to the defendant's conduct; and any other factor reasonably related to the defendant's risk of reoffending. *See* 42 Pa.C.S. § 9799.24(b).

*Commonwealth v. Hollingshead*, 111 A.3d 186, 189-90 (Pa. Super. 2015)

(some citations omitted and formatting altered).

Here, the trial court addressed Appellant's SVP designation as follows:

A [SVP] hearing was held immediately prior to sentencing on July 22, 2021. Before the SVP hearing began, counsel for [Appellant] stipulated to the report of the [SOAB] member who conducted the assessment of [Appellant]. The report of the SOAB member determined that [Appellant] met the full criteria for pedophilic disorder which is considered to be a congenital and/or acquired condition and that this is a lifetime disorder. The report also determined that despite knowing the consequences of his actions for himself and his victims, [Appellant] engaged in illegal sexual behavior again and has not been able to manage his offending. He has a sexually, deviant pathway to offending and his pedophilic disorder will predispose him towards committing sexual offenses and his disorder will cause him to experience an internal drive towards sexual offending. The board member found that [Appellant] did suffer from a mental abnormality/personality disorder as defined by Pennsylvania law.

With regard to predatory behavior, the report indicated that [Appellant] has not been able to manage his predatory behavior to date and has exhibited predatory behavior in his lifetime which continued with the current offense. [Appellant's] behavior does meet the legal definition for predatory behavior.

Finally, the board member concluded that [Appellant] did meet the criteria to be classified as a [SVP] under Pennsylvania law. Upon review of the extensive report prepared by the [SOAB] member, this court determined that the Commonwealth proved [Appellant] to be a [SVP] by clear and convincing evidence. That determination should be affirmed.

Trial Ct. Op. at 2-3 (citation omitted and formatting altered); *see also* SOAB Report at 6-10.

Based on our review of the record, and viewing the evidence in the light most favorable to the Commonwealth, we agree with the trial court that the SOAB report contains clear and convincing evidence that Appellant has mental abnormalities and disorders that make him likely to engage in predatory sexually violent offenses. *See Hollingshead*, 111 A.3d at 189-90; *Morgan*, 16 A.3d at 1168. Therefore, we conclude Appellant's challenge to the sufficiency of the evidence supporting his designation as a SVP is frivolous and no relief is due.

**Plea Issues**

Although not included in the statement of questions,[5] Counsel's *Anders*/*Santiago* brief also identifies three potential issues concerning

_____

[5] We note that although Counsel did not include these issues in the statement of questions, it does not preclude review, as we would have nonetheless addressed these issues when conducting our independent review of the record. *See Flowers*, 113 A.3d at 1250.

- 8 -

Appellant's guilty plea. ***Anders***/***Santiago*** Brief at 13-14. Specifically, Counsel discusses the trial court's jurisdiction, the legality of Appellant's sentence, and the validity of Appellant's plea. ***Id.*** We address each issue separately.

First, with respect to jurisdiction, Counsel notes that because there is no dispute that the incident occurred in Luzerne County, the trial court had jurisdiction over Appellant's case. ***Id.*** at 13.

A guilty plea "constitutes a waiver of jurisdiction over the person of the defendant." ***Commonwealth v. Little***, 314 A.2d 270, 272 (Pa. 1974). However, subject matter jurisdiction cannot be waived. ***Id.*** at 272-73. A challenge to a court's subject matter jurisdiction is a question of law and, therefore, our standard of review is *de novo*. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007). There are two requirements for subject matter jurisdiction as it relates to criminal defendants: 1) the competency of the court to hear the case; and 2) the provision of specific and formal notice to the defendant of the crimes charged. ***Id.*** at 210 (citation omitted). "[A]ll courts of common pleas have statewide subject matter jurisdiction in cases arising under the Crimes Code[.]" ***Id.*** (citation omitted).

Here, the Luzerne County Court of Common Pleas, Criminal Division, was competent to hear Appellant's case, which involved violations of the Pennsylvania Crimes Code occurring in Luzerne County. ***See Commonwealth v. Kohler***, 811 A.2d 1046, 1050 (Pa. Super. 2002) (holding that a county court of common pleas has jurisdiction over offenses that take

place within its borders). Further, the record reflects that Appellant received specific and formal notice of the charges, including the allegation that they occurred in Luzerne County, when the Commonwealth filed the criminal complaint and criminal information. **See** Criminal Compl., 2/13/20; Criminal Information, 5/22/20. Therefore, the trial court had jurisdiction over Appellant's case, and Appellant is not entitled to relief on this claim. **See Commonwealth v. Kohler**, 811 A.2d at 1050.

Counsel also discusses the legality of Appellant's sentence. **Anders**/**Santiago** Brief at 13. Counsel concludes that Appellant's sentence is legal because none of the individual sentences exceed the seven-year statutory maximum for a felony of the third degree. **Id.**

"If no statutory authorization exists for a particular sentence, that sentence is illegal and . . . . must be vacated. Likewise, a sentence that exceeds the statutory maximum is illegal." **Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) (citations omitted). Issues relating to the legality of a sentence are questions of law, therefore, our standard of review is *de novo* and our scope of review is plenary. **Id.** (citations omitted).

Dissemination of child pornography and possession of child pornography are both felonies of the third degree. 18 Pa.C.S. § 6312(d.1)(2)(i). Section 1103 of the Pennsylvania Crimes Code provides, in relevant part, "[i]n the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years." 18 Pa.C.S. § 1103(3).

Here, Appellant pled guilty to 350 counts each of dissemination of child pornography and possession of child pornography. **See** N.T. Plea Hr'g, 9/8/20, at 2-6. The trial court sentenced Appellant to seven hundred terms of one to two years' imprisonment, twelve of which were imposed consecutively; the remainder of the convictions were imposed concurrently. **See** N.T. Sentencing at 11-12. Appellant's individual sentences do not exceed the statutory maximum for either offense. **See** 18 Pa.C.S. § 1103(3). Therefore, Appellant is not entitled to relief on this claim. **See Infante**, 63 A.3d at 363.

Finally, Counsel discusses the validity of Appellant's guilty plea. **Anders**/**Santiago** Brief at 13-14. Counsel notes that Appellant did not object to his plea during the plea hearing, did not seek to withdraw his plea at sentencing, and did not file a post-sentence motion to withdraw his plea. **Id.** at 13. Therefore, Counsel concludes that Appellant has not preserved any claims concerning the validity of his plea. **Id.** at 13-14.

A guilty plea is valid if it is knowingly, voluntarily, and intelligently entered. **Commonwealth v. Pollard**, 832 A.2d 517, 522 (Pa. Super. 2003). To preserve a challenge to the validity of a plea, a defendant must either object during the colloquy, or raise the issue at the plea hearing, sentencing hearing, or in a post-sentence motion. **Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-69 (Pa. Super. 2017).

Here, the record confirms that Appellant did not challenge his plea at the plea hearing, at the sentencing hearing, or in a post-sentence motion.

- 11 -

Therefore, we agree with Counsel's assessment that Appellant's claim is waived. **See id.** Accordingly, this issue is frivolous, and no relief is due. **See Commonwealth v. Tukhi**, 149 A.3d 881, 888 (Pa. Super. 2016) (stating that "[a]n issue that is waived is frivolous" (citation omitted)).

Based on our review of the record, we agree with Counsel's assessment that the issues discussed in the **Anders**/**Santiago** brief are frivolous. Moreover, our independent review of the record does not reveal any additional, non-frivolous issues preserved in this appeal. **See Flowers**, 113 A.3d at 1250. Accordingly, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/12/2022